Thomson, J.,
delivered the opinion of the court.
The following is the complaint:
“The plaintiff complains and alleges :
“ (1.) It is a corporation created, organized and existing under the laws of the state of Colorado, and as such owns a line of railroad extending from the east boundary line of the state of Colorado along the Arkansas river in a general westerly direction to the city of Pueblo, with branches from said city' of Pueblo to Canon City and other points and from La Junta to Trinidad, all in the state of Colorado; and under and pursuant to a lease of the said railroad made by the plaintiff to the Atchison, Topeka & Santa Fé Railroad Company the same is being continuously operated.
“ (2.) During the year 1874 the Colorado and New Mexico Railroad was incorporated for the purpose of building a line of railroad from the east boundary line of the state of Colorado in a general westerly direction up the Arkansas river connecting at the east boundary line of the state with the completed railroad of the Atchison, Topeka & Santa Fé Railroad; and during the month of June, 1874, the said Coloi'ado & New Mexico Railroad Company located its definite line from the said east boundary line of the state of Colorado up the Arkansas river in a general westerly direction to a point at or near the town of Las Animas, and on the 19th day of May, 1875, said Colorado & New Mexico Railroad Company filed with the secretary of the interior its certain map or plat showing the alignment of its road from fbhe said eastern boundary line of the state of Colorado to a point at or near the town of Las Animas; and under and pursuant to the act of congress of March 3, 1875, granting *131 railroad, companies right of way over public domain, said right of way map was by the secretary of the interior approved on the 7th day of June, 1875.
“ (3.) Afterward the said Colorado & New Mexico Railroad Company was consolidated with the Pueblo & Salt Lake Railroad Companjr, and by the consolidation aforesaid the Pueblo & Arkansas Yalley Railroad Company was created and formed; and thereupon the said Pueblo & Arkansas Valley Railroad Company, on the 15th day of May, 1876, filed with the secretary of the interior a certain map or plat showing the alignment of its road from the eastern boundary line of the state of Colorado up the Arkansas river to the city of Pueblo, and the same was pursuant to the act of congress aforesaid approved by the secretary of the interior oil the 28th of November, 1876. The plat aforesaid so filed by the Pueblo & Arkansas Valley Railroad Company and approved by the secretary of the interior showed the final alignment and constructed line of road from the east boundary line of the state of Colorado to the city of Pueblo, and as respects that portion of said railroad extending from the east boundary line of' the state of Colorado through what is now Prowers county, it was in all particulars identical and the same with the line filed upon by said Colorado & New Mexico Railroad Company, the plat of which was approved bjr the secretary of the interior June 7, 1875.
“ (4.) Thereby the Pueblo & Arkansas Yalley Railroad Company became, and is now, vested and possessed, for the purpose of the operation of its road, with a right of way two hundred feet on each side of the center line of its track as constructed from the east boundary line of the state up the Arkansas river through the county of Prowers and bej^ond, over and across all lands which were at the time of the location of its said road public and belonging to the United States of America; and plaintiff alleges that substantially all the land on which said railroad is constructed in said Prowers county was, at the date of the location of the line thereof, and at the date of the approval of its right of way *132 maps as aforesaid, of a public character, and within the opera- • tion of said grant.
“ (5.) Heretofore, during the month of August, 1892, the ■plaintiff and the Atchison, Topeka & Santa Fé Railroad Company, its lessee, made its preparations to fence its right of way through Prowers county and to remove all fences .previously erected to the true limits of said right of way. At various times prior to this, said plaintiff had fenced portions of its right of way through Prowers county as the necessities of its business required, but without any care or design to locate its said fences on its right of way limits; and it was deemed advisable, in order to protect and preserve the company’s rights in the premises, that all its fences be correctly located and built, so as to inclose its entire width of right of way, and the work of reconstructing said fences was begun. Plaintiff, however, was interfered with and compelled to desist in its said lawful work, under the following ■circumstances:
“ (6.) The defendants, the county commissioners of Prowers county, claimed, and do claim, that before said Prowers county came into existence, and while it was a part of Bent county, a public road was laid out by the county commissioners of Bent county, extending from the east boundary line of the state of Colorado through what is now Prowers, Bent and Otero counties to a point at or near Rocky Ford, and that the said public road runs in the same general direction as the plaintiff’s track, at portions being within the plaintiff’s right of way limits and at other portions outside thereof, and at a considerable distance therefrom; and defendants, under the claims aforesaid, instigated and brought about criminal prosecutions against the employees who were engaged in the work of removing and constructing said fences, and threatened, and do "threaten, that they will harass and oppress all persons working upon said fences by continued and repeated criminal prosecutions for obstructing the alleged public highway as aforesaid.
“ (7.) Plaintiff alleges that no such public highway in fact *133 exists, either by prescription, dedication, user or statutory establishment.
, “ (8.) Plaintiff had, and has, no notice of the laying out of any such highwaj’-, and no record that any such highway was laid out or established by statutory proceedings exists. It is true that the public have been accustomed to travel at various times and at various places along plaintiff’s right of way where the same remained uninclosed, but the alignment of the road so used by the public has never existed with any definiteness or certainty, nor has it been continuous in user; on the contrary, the course of such public travel has changed from time to time and at places as the settlement of a new country and the necessities and convenience of the people •required; and no rights, prescriptive or otherwise, have attached to the public in any manner on any portion of the plaintiff’s right of way by reason of such user, or at all.
, “ (9.) By reason of the premises, it is impossible for this plaintiff to ascertain or determine where its right of way is incumbered with a public highway, if it is so incumbered at all; or where the public have any vested right of user, if they have such vested right at all; or what portion of its right of way on which the public has heretofore traveled and claimed by the defendants to be within and part of the alleged public highway. And the plaintiff is anxious to proceed with and finish up the work of fencing its said right of way, but is prevented from .doing so by the threats of the defendants that they will harass and interfere with said work andi cause the workmen to be arrested on criminal charges for obstructing said alleged public highway, and by other means prevent plaintiff from prosecuting its said work.
“ Wherefore, plaintiff demands judgment, that the defendants may be required to set forth with certainty any adverse claims they may have to any part or portion of plaintiff’s right of way, either for the purposes of a public road or otherwise, and if for such public road, that they be required to set forth and locate with particularity the alignment of such public road and the portions of plaintiff’s right of way on which it *134 is located; and that upon the hearing of this cause it may be adjudged that plaintiff holds its right of way free and clear of any such adverse claim or incumbrance; and for such other and further relief as may be needful in the premises, together with costs of suit; and that, in the meantime, a preliminary injunction issue according to plaintiff’s needs.”
To this complaint a demurrer was interposed on the grounds that it did not state facts sufficient to constitute a cause of action, that the court had no equitable jurisdiction of the matters stated, and that it appeared from the complaint that the plaintiff had a plain, adequate and complete remedy at law. . The demurrer was sustained on the ground that the action was not one of equitable cognizance, and the cause was dismissed. The plaintiff comes here on error.
• The complaint, which the demurrer admits, and which in this investigation must be taken as true, alleges possession by the plaintiff of a right of way two hundred feet on each side of the center of its track, as constructed, through the county of Prowers, over and across such lands as were at the time of its location public and belonging to the United States; that the right of possession was acquired in pursuance of the act of congress of March 3, 1875, and that substantially all of the land upon which its road was constructed was at the date of the location of its line, and of the approval of its right of way maps, of a public character, and within the operation of the grant. For the purposes of this action, if it can be maintained at all, possession and title are sufficiently alleged; no more minute or specific identification of the ground is necessary; and the statement that the land, in so far as it was public, was within the operation of the grant, sufficiently negatives the existence of any of the exceptions specified in the act. There is, therefore, but one question demanding investigation, and that is: Can this proceeding be maintained?
It is true, as a general proposition, that a court of equity will not entertain'jurisdiction where a plain, adequate and complete remedy can be had at law; but where a legal right *135 has been invaded, if there is no remedy at law, or if the remedy which a court of law is able to afford is uncertain in its character, or fails in the full redress to which the suitor is entitled, jurisdiction will be asserted in equity. 1 Story Eq., sec. 33.
The plaintiff complains that it is prevented by the defendants from fencing its right of way; that they have instigated and brought about a series of criminal prosecutions against its employees who were engaged in the work, and threaten to continue and repeat these prosecutions against persons working upon the fence, so that the plaintiff is unable to proceed. The ground upon which the defendants justify these acts is that portions of the plaintiff’s alleged right of way are located on a public road, the legal existence of which, however, is denied by the plaintiff. If the road in question was established before the plaintiff’s right of way was acquired, either by prescription, dedication or statutory proceeding, the defendants, having by law the care and supervision of the public roads within their county, are justified in causing criminal proceedings to be instituted against any person or persons obstructing it. If, however, the road had no legal existence, the plaintiff’s title is not in any manner affected by it, the plaintiff has the right to inclose its right of way with a fence without molestation by the defendants, and is entitled to protection of some kind against their unauthorized acts. Counsel for defendants insist that protection adequate and complete can be given in an action of ejectment, brought by the plaintiff against them. We are not able to agree with counsel. Several reasons appear why ejectment could not be maintained upon the facts as the plaintiff states them. The grievances complained of are not such as it is the design of an action of ejectment to redress. No ouster or withholding of possession is alleged, and for the purposes of this review we are confined to the allegations of the complaint. The action in this state is governed by the code, and the provisions in pursuance of which it may be brought are as follows:
*136 “Sec. 265. An action to recover the possession of real property may be brought in any case where an action of ejectment or a writ of right might have been brought at common law, and in any case where the plaintiff claims a legal estate in real property or lands, in fee, or for life, or for 3rears, or claims the legal right to occupy and possess the same.
“ Sec. 266. If the premises for which the action is brought are continually occupied such actual occupant shall be made defendant in the action, together with any person claiming title to or any interest in the premises adversely to the plaintiff. If the premises are not occupied the action shall be brought against any person exercising acts of ownership on or over the premises claimed, or who claims title thereto, or some interest therein at the time of the commencement of the action.”
The possessory title set forth in the complaint is sufficient to enable the plaintiff to maintain ejectment, provided there is any defendant against whom the action can be brought. There is no actual occupant of the land in dispute unless it be the plaintiff. Outside of the plaintiff there is no person claiming title to, or interest in, the premises within the meaning of the law. No person is exercising any act of ownership over them except the plaintiff. As against plaintiff, no claim is made in connection with the ground, except that it is part of a public road. The establishment of a highway does not bring into existence any title to the land oh which it is laid put. Its location creates a right or privilege of using it for the purposes for which it was located. This right or privilege is an easement, and belongs not to any particular individual'or number of individuals, or board, but to the public generally. The law imposes upon boards of county commissioners the care of the public roads within their counties, and the duty of keeping them open and in repair for the use of the public; but their powers, being statutory, are limited by the terms of the statute. The jurisdiction over public roads which is vested in them by law does not *137 constitute title to, or interest in, the premises; and their acts of performance of their legal duties in respect to the roads, are not acts of ownership or occupancy. No assertion by them of their statutory control of roads, and no assertion by individuals of their right to use the roads, amounts to a claim of title to, or interest in, the premises. The plaintiff therefore has no remedy by ejectment, because there is no person or bod}'- who by the terms of the statute is liable to the action. See Child v. Chappell, 9 N. Y. 246. Nor is there any other proceeding at law from which the plaintiff could derive any benefit. Actions of trespass against individuals using the road would be burdensome and interminable, and in the end would determine nothing; and no such action could be maintained against the board for the acts complained of. These acts are threatened to be continued as long as the plaintiff attempts to fence its right of way, so that it is deprived, and for an indefinite period will be deprived, of the full beneficial use and enjoyment of its property; and it is absolutely helpless unless equity shall interpose to afford relief.
We cannot conceive of a case that comes more completely within the jurisdiction of a court of equity than the one made by the complaint. If the facts are as there stated, the plaintiff is entitled, under the prayer for general relief, to a perpetual injunction, restraining the defendants from in any way interfering with, or molesting it, or its employees, in the work of fencing the right of way. An investigation of the facts upon which this pi’incipal relief may be granted or withheld, will involve a determination, as between the plaintiff and defendants, of the questions whether the plaintiff’s right of way was acquired in pursuance of law, and whether any portion or portions of it conflict with a public road which had, prior to its acquisition, been legally established. This is not a proceeding to quiet title under the code," because the claim of the defendants is not a claim of such an estate in the premises adverse to the plaintiff as is contemplated by the statute authorizing the proceeding. Neither do we rest our decision upon the established ground of the jurisdiction *138 of a court of equity to restrain vexatious litigation and. prevent a multiplicity of suits, although there is some analogy between that class of cases and this case. The acts of interference with and prevention of, the plaintiff’s enjoyment of its property, by the defendants, and for which acts they cannot be reached in a court of law, are the grounds of the plaintiff’s right to relief; and, according to the principles governing the jurisdiction and proceedings of courts of equity, the case is one peculiarly of equitable cognizance.
The defendants should have been ruled to answer the complaint, and it was error to sustain the demurrer. The judgment must therefore be reversed.

Reversed.